**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALEJANDRO GUEVARA-GUZMAN, | No.    16-70505 |
| Petitioner, | Agency No. A205-512-409 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Jose Alejandro Guevara-Guzman, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Guevara-Guzman fears harm in El Salvador as a member of the social group of "individuals who have resided for a long period of time in the United States, who return to their home country and are targeted by corrupt government actors." The BIA did not err in finding that Guevara-Guzman failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Guevara-Guzman's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Guevara-Guzman failed to show it is more likely than not that he would be tortured

by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008) (concluding the evidence did not indicate a particularized threat of torture to petitioner).

**PETITION FOR REVIEW DENIED.**